CARRIE E. KING, Plaintiff, *v.* RAY D. KING, Defendant.

Supreme Court, Onondaga County, February 17, 1930.

*Byrne, Byrne & Lowery,* for the plaintiff.

*Hayden, Setright & Southwick,* for the defendant.

Ross, Official Referee. On February 1, 1913, the plaintiff loaned her husband $1,000.

On March 15, 1919, the defendant paid $1,000. The last loan the plaintiff made to the defendant was in February, 1922, when she loaned him $100. At that time there was a substantial sum due the plaintiff.

This action was commenced on September 29, 1927.

About August 1, 1924, the plaintiff received from the defendant $100. The account of the plaintiff, which is not denied, appears in stenographer's minutes, pages 34, 35, 38, and is substantially as follows: " Q. By the Referee. Mrs. King, when do you claim the last payment was made to you by Mr. King? A. In 1924. Q. By the Referee. Do you remember a little more definite? A. Which was along the first of August. Q. What were the circumstances

connected with that? A. He brought $100 from the lunch room. Q. Where was this? West Onondaga Street, do you mean? A. No. 100 Berwyn Ave., with my sister. Q. And where were you? A. I was there. Q. And where was Mr. King?. A. He was there. As I recall it, I think I was sick in bed and he brought down the $100 and says ' Here is the $100,' and he put it in my bureau drawer. Q. By the Referee. Is there anything else you remember? A. Not distinctly." Cross-examination by Mr. Southwick, on page 38, stenographer's minutes. " Q. Now this $100 that you speak about was $80.00 wasn't it? A. What item. Q. This last item. A. To pay $100. Q. It was put in the dresser drawer? A. Yes, sir. Q. In the room occupied by both of you? A. Yes, sir. Q. And it was put in a dresser used by Mr. King? A. It was my own dresser. His dresser was in the bath room. Q. Did he keep some articles of clothing in the dresser? A. No, sir. Q. Not at all? A. No, sir. Q. At any rate, you took it out and banked it in your name? A. The most of it I did. * * * "

The plaintiff's attorney said in his brief, point II: " The payment of $100 made by the defendant to the plaintiff in the first part of August, 1924, was accompanied by circumstances amounting to admission of a balance due from which a promise to pay may be inferred."

I assume that he refers to section 56 of the Civil Practice Act, which reads as follows: " In an action brought to recover a balance due upon a mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item approved in the account on either side."

There was no mutual account within the meaning of the foregoing section. The only items were loans by the plaintiff and payments by the defendant.

On page 39 of stenographer's minutes, the plaintiff being asked on recross-examination as follows: " Q. At any time during your married life, did you owe Mr. King any money for anything? A. No."

In Green v. Disbrow (79 N. Y. 1, 9) EARL, J., writing for the court, uses the following language: " An account of items upon one side and payments merely upon the other, is not a mutual account."

And in Adams v. Olin (140 N. Y. 150) GRAY, J., writing (on p. 161): " There was a current account kept by the husband of his transactions with his wife's money; showing what amounts went to her credit, and what payments were made therefrom. Of course, the payments, which, in the methods of bookkeeping,

were, in this account, charged to her and credited to him, would not constitute what are understood to be reciprocal demands."

So that the contention of the plaintiff that the payment or transaction on August 1, 1924, was of a character to take the loans which were made prior to that time out of the operation of the Statute of Limitations is not sustained by the authorities. Besides the transaction in August, 1924, was too vague to permit any inference, except the fact that the plaintiff received from her husband $100. It would be a rash inference to conclude that because a husband delivers money or leaves money where his wife receives it and at her request is paying it on a past debt or upon any claim which she may have against him. A still more violent presumption that it applied on any particular debt. (*Adams* v. *Olin*, 140 N. Y. 150, 160.) But the plaintiff is entitled to recover the amount of the loan of $100 on February 11, 1922, and interest from February 11, 1922, together with costs.

Findings to be submitted.